United States District Court
Middle District Tennessee

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)        v.                             CIVIL ACTION NO. 3:16-cv-02500
)
) Seven90, LLC dba Blue Fox Nutrition, Joshua Askeroth, Eli Connor, Sharks Eat, LLC, Green Earth Nutrition, LLC, Thrive Nutra, Inc, Jeff Rappaport, Lindsay Rappaport, Justin James Rodabaugh, James Rodabaugh, Shanti Skin Care, Inc., Lindsay Rappaport, Affiliate Truth, LLC dba Xtreme T Boost and dba Blue Fox Nutrition, and Opus Products, LLC, Brandon Petersen, J Alejandro Montoya, Natrually Brands, Inc. and John/Jane Doe 1-10
)    Defendants.

## Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Seven90, LLC is a Utah corporation doing business as Blue Fox Nutrition and operating from 11075 S. State Street ste 16, Sandy Utah, 84070 and can be served via registered agent: Northwest Registered Agent, 881 Baxter Drive, ste 100, South Jordan UT 84095.

3. Joshua Askeroth is a member/corporate officer of Sharks Eat LLC and Seven90, LLC and can be served at 1659 E. Short Ct., Draper, UT 84020 or 11075 S. State St., ste 16, Sandy UT 84070 or PO Box 1451 Draper, UT 84020.

4. Sharks Eat, LLC is a Utah Corporation and member of Seven90, LLC and Affiliate Truth, LLC and can be served via registered agent Northwest

Registered Agent, LLC 881 Baxter Drive, ste 100, South Jordan UT 84095 or 1521 Concord Pike, Wilmington, DE 19803.

5. Eli Connor is a member/corporate officer of Sharks Eat, LLC and can be served at PO Box 1451 Draper, UT 84020 or 11075 S. State Street, ste 16 Sandy, UT 84070 or 1659 E. Short Ct., Draper, UT 84020

6. Green Earth Nutrition, LLC is a Utah corporation operating from and can be served via registered agent: Corporate Entity Solutions at 9509 S. 560 W. Sandy, Utah 84070.

7. Jared Nicholas Rodabaugh is a natural person and officer of Green Earth Nutrition and can be served at 9509 S. 560 W. Sandy Utah, 84070.

8. Justin Rodabaugh is a natural person and officer and registered agent of Green Earth Nutrition, LLC and can be served at 9509 S. 560 W. Sandy, UT 84070.

9. Affiliate Truth, LLC is a Utah corporation doing business as Xtreme T Boost and doing business as Blue Fox Nutrition and can be served via registered agent: Northwest Registered Agent, LLC and is operating from 63 E. 11400 Ste 114 Sandy, UT 84070.

10. Shanti Skin Care, Inc., is a California corporation operating from 28202 Cabot Road, ste 300, Laguna Nigel, CA 92677 and can be served via registered agent Lindsay Rappaport 41 Water Ridge Ct., Dana Point, CA 92629.

11. Thrive Nutra, Inc., is a Califrornia Corporation operating from 15303 Ventura Blvd, 9th Floor, Sherman Oaks, CA 91403 and can be served via registered agent Jeff Rappaport at the same address.

12. Jeff Rappaport is a natural person who can be served at 18041 Rodarte Way, Encino, CA 91316 or 19232 Pacific Coast Highway, Malibu California 90265. Jeff is a corporate officer of Thrive Nutra, inc and Shanti Skin Care, inc.

13. Lindsay Rappaport is a natual person who can be served at 687 S. Coast Highway 101 # 10122 Encinitas, CA 92024 or 19 Bridgeport St., Dana Point, CA 92629 Lindsay is a corporate officer of Thrive Nutra, Inc and Shanti Skin Care, Inc.

14. J Alejandro Montoya is a natrual person and Manager of Opus Products LLC and can be served at 66 Exchange Place, Salt Lake City, UT 84111.

15. Brandon Peterson is a member and corporate officer of Opus Products, LLC and can be served at 234 East 100 South, Salt Lake City, UT 84111.

16. Opus Products, LLC is a Utah Corporation operating from 66 Exchange Place, Salt Lake City, UT 84111 and can be served via registered agent Jorge Montoya at the same address or PO Box 901081 Sandy UT 84090.

17. Natrually Brands, Inc. is a Utah corporation with a corporate officer and registered agent Brandon Peterson, who can be served at 234 E. 100 S. Apt C6, Salt Lake, City, UT 84111.

18. John/Jane Does 1-10 are currently unknown persons or entities that are also liable for the calls in question.

## Jurisdiction

19. Jurisdiction of this court arises as the acts happened in this county

20. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

21. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their promotional products and services, and these products and services were regularly shipped to Tennessee residents.

## FACTUAL ALLEGATIONS

22. In 2016, the Plaintiff recieved multiple unwanted phone calls from call center agents working in the Philippines offering a variety of "male enhancement" pills, which is an euphamism for pills that are supposed to increase sexual stamina, penis length, penis girth, and other unsubstantiated claims of increasing male sexual prowess.

23. These programs were pitched as a free trial sample of the product as long as the Plaintiff covered the shipping and handling cost the initial order, but there would be a significantly larger charge if the Plaintiff didn't cancel within a short period of time, which is a "negative option marketing" where a consumer must opt out of future charges or they will be charged for a program.

24. Each and every call was initiated by an automated telephone dialing system and on each and every call, the agents failed to state the name of the entity on whose behalf the calls were being placed. Each call as placed to the Plaintiff's cell phone without consent from the Plaintiff or any sort of emergency purpose. The agents were not trained on the use of an internal do-not-call list and the entities that placed the calls failed to maintain an internal do-not-call list.
25. Each and every call was placed by or for the benefit of Sharks Eat, LLC, Seven90, LLC, Affilaite Truth, LLC, Thrive Nutra, Inc., Shanti Skin Care Inc., Natrually Brands, Inc., Opus Products, LLC  Joshua Askeroth, and Eli Connor. Most of the other calls were placed by or on behalf of the remaining defendants.
26. Multiple products were pitched on each call, for example one call pitched products by Blue Fox Nutrition and Green Earth Nutrition in the same call.
27. The Plaintiff is still in the process of researching and obtaining call records and the total number of calls in question.

### Blue Fox Nutrition Products

28. In a call initiated by an automated telephone dialing system, the Plaintiff was offered multiple products, "Extreme Surge", "Feel Refreshed", and "Xtreme Surge" for women.

### Thrive Nutra Inc Productss

29. In calls initiated by an automated telephone dialing system to the Plaintiff's cell phone, the Plaintiff was offered Extend Plus XT. According to the label, the product is made for Thrive Nutra, Inc.

### Opus Products, LLC and Natrually Brands, Inc Products

30. The Plaintiff was offered Natrually Him and Natrually Alive Spark, both of which are manufactured by Opus Products, LLC and Natrually Brands, Inc.

### Green Earth Nutrition Products

31. The Plaintiff was offered a male enhancement Product called Vertigro XL which is manufactured by Green Earth Nutrition, LLC on a call that was initiated by an automated telephone dialing system to the Plaintiff's cell phone.

### Theories of Liability

32. As these parties stand to profit and benefit from the Plaintiff's enrollment in these programs, they are vicariously liable for the calls as a seller, as defined by the TCPA, even if they didn't directly place the calls to the Plaintiff.

33. The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

34. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.

35. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5). Additionally, each product offered by each company represents a new cause of action entitling the Plaintiff to $3,000 per call per defendant.

36. The Plaintiff alleges direct, vicarious, joint, and several liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

37. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the

telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

## Actual Damages

38. The Plaintiff has suffered actual damages in the form of the trial enrollment fees charged.

39. Additionally, the Plaintiff has suffered annoyance, frustruation, anger, loss of cell phone use, reduced battery life of his cell phone due to the calls.

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

40. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

41. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

42. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

43. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Actual damages as determined at trial

D. Pre-judgment interest from the date of the phone calls

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted 10/5/2016

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211