UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>SEVEN90, LLC, et al.,<br><br>    Defendants. | Case No. 3:16-cv-02500<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

On February 27, 2020, the Court found that pro se Plaintiff Craig Cunningham's motion for default judgment against Defendants Opus Products, LLC, and Naturally Brands, Inc., was deficient, directed the Clerk of Court to administratively terminate the motion, and ordered Cunningham "to file a properly supported motion for default judgment by March 13, 2020[,]" if he "continues to seek damages in this case" brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. (Doc. No. 73, PageID# 302.) Cunningham did not respond to the Court's order and did not file a motion for default judgment by the Court's deadline. Accordingly, on May 15, 2020, the Court ordered Cunningham to show cause by May 22, 2020, why the Court should allow him to file an untimely motion for default judgment and should not dismiss this action for Cunningham's failure to prosecute his claims. (Doc. No. 74.) Cunningham also did not respond to that order. Because it appears that Cunningham has abandoned his claims, and for the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.     Relevant Background**

Cunningham initiated this action on September 19, 2016, by filing a complaint under the TCPA alleging that he had received numerous calls initiated by automated telephone dialing machines in violation of the TCPA and that multiple individual and corporate defendants were responsible for those calls and liable for money damages. (Doc. No. 1.) Cunningham filed an amended complaint on October 7, 2016, which named Opus Products, LLC, Naturally Brands, Inc., and several other individuals and corporate entities as defendants.[1] (Doc. No. 11.) Cunningham later voluntarily dismissed many of the defendants named in the amended complaint. (Doc. Nos. 16, 21, 26, 34.)

On September 5 and 14, 2017, the Court ordered Cunningham to show cause why remaining defendants Opus Products, Naturally Brands, J. Alejandro Montoya, Brandon Petersen, and John/Jane Doe 1–10 should not be dismissed for Cunningham's lack of prosecution. (Doc. Nos. 35, 38.) Cunningham filed a response on September 22, 2020, stating that he had been negotiating a settlement agreement with Montoya and Petersen regarding his claims against them and against Opus Products and Naturally Brands, but that Montoya and Petersen had stopped responding to him. Cunningham concurrently filed a motion for entry of default. (Doc. Nos. 39, 40.) On September 26, 2017, Petersen filed a pro se motion to dismiss Cunningham's claims against him. (Doc. No. 42.)

Judge Victoria Roberts, who was sitting by designation in this District at the time, held a telephone conference with Cunningham, Montoya, and Petersen on September 28, 2017. (Doc. No. 45.) The docket reflects that, during the conference, the parties reached a settlement agreement

---

[1]     Cunningham's amended complaint referred to "Natrually Brands, Inc." (Doc. No. 11, PageID# 74, ¶ 17), but Cunningham later clarified that this was merely a typo (Doc. No. 37).

and the Court denied Cunningham's motion for entry of default and Petersen's motion to dismiss. On October 3, 2017, the Court issued orders denying Cunningham's and Petersen's motions (*id.*) and dismissing Cunningham's claims against John/Jane Doe 1–10 for failure to prosecute (Doc. No. 46).

On November 13, 2017, Cunningham filed a motion for sanctions against Montoya and Petersen, alleging that they had failed to comply with the terms of the settlement agreement and asking the Court to void the agreement and enter default judgment in his favor. (Doc. No. 48.) The Magistrate Judge set a hearing on Cunningham's motion for February 6, 2018. (Doc. No. 51.) Cunningham submitted a signed settlement agreement as a sealed exhibit to be considered at the hearing (Doc. No. 54). Cunningham appeared for the hearing, but Montoya and Petersen did not (Doc. No. 56). On February 6, 2018, the Magistrate Judge ordered Montoya and Petersen to show cause by February 20, 2018, why the Magistrate Judge should not recommend entry of judgment against them under the terms of the settlement agreement or enter default judgment as requested in Cunningham's motion. (Doc. No. 56.) Montoya and Petersen filed a pro se response to the Court's show-cause order on February 16, 2020, explaining their efforts to consummate the parties' settlement agreement (Doc. No. 57).

On September 27, 2018, the Court denied Cunningham's motion for sanctions without prejudice, finding that Cunningham had not yet served Montoya with process in his individual capacity and that Opus Products and Naturally Brands had not appeared and were not represented by counsel, as is required for a corporation to appear in federal court. (Doc. No. 59.) The Court subsequently granted Cunningham's motion to extend the service period for Montoya (Doc. No. 63). Cunningham returned an executed summons for Montoya (Doc. No. 64), and Montoya filed a pro se answer to Cunningham's complaint (Doc. No. 65). Cunningham also filed a motion

for entry of default against Petersen, Opus Products, and Naturally Brands (Doc. No. 60), which the Acting Clerk of Court granted with respect to Opus Products and Naturally Brands but denied with respect to Petersen (Doc. No. 66).

Cunningham eventually filed a motion for default judgment against Opus Products and Naturally Brands. (Doc. No. 68.) On February 27, 2020, the Court found that Cunningham's motion was substantively and procedurally deficient and ordered Cunningham "to file a properly supported motion for default judgment by March 13, 2020[,]" if he "continues to seek damages in this case[.]" (Doc. No. 73, PageID# 302.) Cunningham did not do so. On May 15, 2020, the Magistrate Judge ordered Cunningham to show cause by May 22, 2020, why he should be permitted to file an untimely motion for default judgment and why the Court should not dismiss this action in its entirety for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. No. 74.) The Court warned Cunningham that failure to respond to the show-cause order could result in a recommendation that all of his claims be dismissed. (*Id.*) Cunningham has not responded to the Court's show-cause order.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid

unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

5

Case 3:16-cv-02500 Document 75 Filed 06/24/20 Page 5 of 8 PageID #: 309

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Cunningham.

**A.     Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Cunningham has shown his ability to actively participate in this litigation when he so chooses. (Doc. Nos. 1, 4–11, 16–20, 26, 28, 29–33, 39–41, 47–49, 53, 54, 58, 60–62, 68–71.) His failure to file a properly supported motion for default judgment and failure to respond to the Court's show-cause order therefore appear to be problems of his own making. Even if these failures were not motivated by bad faith, failure to respond to a show-cause order "is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018). This factor therefore weighs in favor of dismissal.

**B.     Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant

"expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

There is no indication here that any of the defendants were required to waste time or money because of Cunningham's failure to cooperate in the litigation. This factor therefore weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Cunningham that failure to respond to its order to show cause could result in a recommendation that all of his claims be dismissed. (Doc. No. 74.) This factor supports dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See*

7

Case 3:16-cv-02500 Document 75 Filed 06/24/20 Page 7 of 8 PageID #: 311

*Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

**IV.      Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Cunningham's failure to prosecute.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of June, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge